## Wireman v. Commonwealth.

(Decided June 12, 1925.)

### Appeal from Magoffin Circuit Court.

1. Homicide—Conviction Flagrantly Against the Evidence.—In prosecution for manslaughter, where deceased had been shooting at accused a few moments before killing, and came riding at accused

with pistol in hand, cursing him and telling him he was going to kill him, conviction held flagrantly against the evidence.

2.   Criminal Law—Questions as to How Much Liquor Accused had at Time of Killing Improper.—In prosecution for manslaughter, questions asked accused about how much liquor he had and what he was carrying it in held improper.

3.   Criminal Law—Exceptions to Argument which was Outside the Record, Addressed to Court, Sufficient.—Where argument of counsel went outside the record, exceptions, addressed to court though not to counsel, should have been sustained, as counsel must keep within the record.

W. R. PRATER and H. H. RAMEY for appellant.

A. F. BYRD, FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Again the appellant has been convicted of manslaughter. His punishment this time being fixed at five years in the penitentiary. A detailed account of this homicide is in 203 Ky. 57, 261 S. W. 862. This case was there reversed for one particular error, the other errors, including those noted below, were reserved. The deceased was in a party with whom appellant had had trouble a few moments before the homicide, and was shooting at appellant then. Four witnesses saw him doing so; another saw him with a pistol, and still another saw him reloading his pistol after the affray. Appellant, in this homicide, had every reason to believe that he was in grave danger when deceased came riding toward him, pistol in hand, cursing him and telling him he was going to kill him. The conviction of appellant is flagrantly against the evidence. As there was no evidence that the appellant knew or had any reason to know or believe that the deceased was a member of a peace officer's posse, instructions two and three should not have been given under the facts proven on this trial.

The court should have sustained the appellant's objections to questions asked him by the Commonwealth about how much liquor he had; what he was carrying it in, etc.

In their arguments, Mr. Allen and Mr. Byrd went outside the record, the appellant without interrupting them, but addressing the court and not counsel, took

exceptions to these remarks. The exceptions should have been sustained. Counsel should keep within the record.

The judgment is reversed with directions to award appellant a new trial consistent with this opinion.